**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| BERNARDO MURCIA HUETO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )        1:18CV431 |
| | ) |
| FAYE DANIELS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.)  Respondent has moved for summary judgment both on grounds of untimeliness and on the merits. (Docket Entries 6, 7.) For the reasons that follow, the Court should grant Respondent's instant Motion, and dismiss the Petition as untimely.

## I. Procedural History

On October 12, 2007, in the Superior Court of Randolph County, a jury found Petitioner guilty of two counts of first degree rape of a child in cases 05CRS99 and 05CRS51372, as well as six counts of statutory rape in cases 05CRS51376 through 51378. (See Docket Entry 2, ¶¶ 1, 2, 4-6; see also Docket Entry 7-3 at 36-40.)[1]  The trial court sentenced Petitioner to eight consecutive sentences of 173 to 217 months' imprisonment. (Docket Entry 2, ¶ 3; see also

---

[1] Throughout this document, pin citations to page numbers refer to the page numbers that appear in the footer appended to documents upon their docketing in the CM/ECF system.

Docket Entry 7-3 at 43-74.)  Petitioner appealed (see Docket Entry 2, ¶¶ 8, 9(a)-(e)), and the North Carolina Court of Appeals found no error in Petitioner's convictions but remanded for resentencing, State v. Hueto, 195 N.C. App. 67 (2009).  At resentencing on June 5, 2009, the trial court consolidated Petitioner's eight convictions into two Class B1 felony judgments and sentenced him to two consecutive prison terms of 173 to 217 months.  (See Docket Entry 7-6.)

Petitioner did not thereafter appeal the trial court's judgments of June 5, 2009, but did, on April 25, 2017, file a pro se motion for appropriate relief ("MAR") seeking an order for DNA testing in the trial court (see Docket Entry 7-7 at 2 (trial court's order denying MAR and reflecting MAR's filing date); see also Docket Entry 2, ¶ 12 (GROUND ONE) (d)(1)-(3)).[2]  The trial court denied Petitioner's MAR on July 12, 2017.  (Docket Entry 7-7 at 5; see also Docket Entry 2, ¶ 12 (GROUND ONE) (d)(2).)[3]

---

[2] The record does not contain a copy of Petitioner's MAR.

[3] Although Petitioner indicates that he appealed the trial court's denial of his MAR to the North Carolina Court of Appeals (see Docket Entry 2, ¶ 12 (GROUND ONE) (d)(4)-(6)), as well as that the Court of Appeals "will not make a decision" (id., ¶ 12 (GROUND ONE) (d) (6)), Petitioner has neither produced a copy of any such appeal, nor provided any further details regarding the matter (see generally Docket Entries 2, 9).  In any event, as discussed below, any such appeal to the Court of Appeals would not change the untimeliness of the Petition, see Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

Petitioner subsequently filed the instant Petition on May 7, 2018. (Docket Entry 2 at 14.)[4] Respondent moved for summary judgment both on grounds of untimeliness and on the merits (Docket Entries 6, 7), and Petitioner responded in opposition (Docket Entry 9). For the reasons that follow, the Court should grant Respondent's instant Motion, because Petitioner submitted his Petition outside of the one-year limitations period.

## II. **Ground for Relief**

The Petition raises one ground for relief: "Violation of the Federal DNA Testing Law and the United States Constitution (Due Process)" (Docket Entry 2, ¶ 12 (GROUND ONE)), in that Petitioner "[is] a Mexican citizen that was arrested by the Randolph County[] Sheriff[']s office on 23 February 2005 and [he is] being badly mistreated due to [his] [r]ace, [r]eligion and [n]ationality. [He] ha[s] no U.S. [c]itizenship and they will not give [him] the DNA [t]esting that will show that [he is] wrongly imprisoned and [his] [a]ctual innocence and that is [sic] factually and legally innocent of the charges" (id., ¶ 12 (GROUND ONE) (a)). Neither the Petition nor Petitioner's response to Respondent's instant Motion make clear exactly what DNA testing Petitioner contends state officials failed to perform due to his race and/or national origin. (See id.; Docket Entry 9.)

---

[4] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on May 7, 2018, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities (see Docket Entry 2 at 14).

## III. **Discussion**

Respondent seeks summary judgment on the grounds that the
Petition was filed outside of the one-year limitations period of
the Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA"), see 28 U.S.C. § 2244(d)(1). (See Docket Entry 7 at 6-
13.) In order to assess Respondent's statute of limitations
argument, the Court must first determine when Petitioner's one-year
period to file his Petition commenced. The United States Court of
Appeals for the Fourth Circuit has explained:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period
> begins to run from the latest of several potential
> starting dates:
>
> > (A) the date on which the judgment became
> > final by the conclusion of direct review or
> > the expiration of the time for seeking such
> > review;
> >
> > (B) the date on which the impediment to filing
> > an application created by State action in
> > violation of the Constitution or laws of the
> > United States is removed, if the applicant was
> > prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right
> > asserted was initially recognized by the
> > Supreme Court, if the right has been newly
> > recognized by the Supreme Court and made
> > retroactively applicable to cases on
> > collateral review; or
> >
> > (D) the date on which the factual predicate of
> > the claim or claims presented could have been
> > discovered through the exercise of due
> > diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008).  The Court

must determine timeliness on claim-by-claim basis.  See Pace v.

DiGuglielmo, 544 U.S. 408, 416 n.6 (2005).

Respondent correctly contends that the Petition qualifies as

untimely under subparagraph (A),[5] because Petitioner's convictions

finalized "on direct review at the latest" on June 19, 2009 (Docket

Entry 7 at 7), when the allowed, 14-day period to appeal expired,

see N.C. R. App. P. 4(a)(2) (allowing 14 days to appeal from

criminal judgment).  Petitioner's case thus became final, for

purposes of calculating the limitations period, on June 19, 2009.

See Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012) (holding that

a petitioner's case becomes final when the time for pursuing direct

review expires).

Petitioner's one-year period then ran, unimpeded, from June

19, 2009, until it expired one year later on Monday, June 21, 2010.

Petitioner did not file his instant Petition until May 7, 2018

(Docket Entry 2 at 14), nearly eight years out of time.  Moreover,

because (as detailed above) Petitioner filed his pro se MAR on

April 25, 2017, after AEDPA's one-year statute of limitations had

---

[5] Neither Petitioner nor Respondent argue that subparagraphs (B), (C), or
(D) apply in this situation.  (See Docket Entries 2, 7, 9.)  Moreover, the plain
language of subparagraphs (B) and (C) confirms that they have no possible
application to Petitioner's claim that state officials failed to conduct
appropriate DNA testing and, as Respondent has observed, subparagraph (D) could
not apply because, "through exercise of due diligence from public sources,
[Petitioner] could and should have discovered the factual predicate for his
[claim] since the time of his trial, and certainly by the time his convictions
became final on direct review" (Docket Entry 7 at 7), as he would have learned
what DNA testing state officials had done by the time of his trial and could have
raised any challenge to the adequacy of such testing at that time.

already run, that belated filing could not toll the limitations period, see Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (finding that state filings made after expiration of federal limitations period do not restart or revive that period). Therefore, Petitioner filed his claims untimely, outside of the statute of limitations.

In Petitioner's response in opposition to Respondent's instant Motion, Petitioner neither contested the timeliness analysis nor provided any grounds for equitable tolling of the limitations period, see Holland v. Florida, 560 U.S. 631, 649 (2010) (holding that equitable tolling requires proof that "extraordinary circumstance . . . prevented timely filing"). (See Docket Entry 9; see also Docket Entry 2, ¶ 18 (failing to address timeliness issue).) However, the Petition makes vague reference to "DNA [t]esting that will show that [he is] wrongly imprisoned and [his] [a]ctual innocence and that is [sic] factually and legally innocent of the charges" (Docket Entry 1, ¶ 12 (GROUND ONE) (a)) and his response to Respondent's instant Motion asserts in conclusory fashion that an independent review of the state crime laboratory found that two state officials who testified at his trial "had used tactics like withholding and misrepresenting evidence" (Docket Entry 9 at 3). Giving Petitioner the benefit of liberal construction, these passages could constitute an argument that

actual innocence excuses the untimeliness of the Petition, see McQuiggin v. Perkins, 569 U.S. 383 (2013).

The United States Supreme Court has recognized that a showing of actual innocence may overcome the one-year statute of limitations. See McQuiggin, 569 U.S. at 392-98. However, "[t]o be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Furthermore, showings of actual innocence "are rare," and a petitioner must demonstrate that no reasonable juror could vote to find the petitioner guilty beyond a reasonable doubt. McQuiggin, 569 U.S. at 392-98.

In this case, Petitioner has not proffered any new evidence regarding his case, let alone evidence that would demonstrate that no reasonable juror could vote to find Petitioner guilty beyond a reasonable doubt. (See Docket Entries 2, 9.) Rather, Petitioner has merely offered rank speculation that additional DNA testing, beyond that which inculpated him at trial, would demonstrate his actual innocence. (See Docket Entry 2, ¶ 12 (GROUND ONE) (a); see also Docket Entry 7-4 at 13-14 (summarizing DNA evidence presented at trial).) In other words, he has utterly failed to show how further DNA testing could demonstrate his actual innocence. See

Boothe v. Ballard, No. 2:14-CV-25165, 2016 WL 1275054, at *59 (S.D.W. Va. Mar. 31, 2016) (unpublished) ("The [c]ourt declines to find that such speculative evidence would have any bearing on the determinations of a reasonable juror."), aff'd, 670 F. App'x 193 (4th Cir. 2016).  Simply put, Petitioner does not make the "rare" showing required by McQuiggin.

## IV. Conclusion

The statute of limitations bars the instant Petition.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 6) be granted, that the Petition (Docket Entry 2) be dismissed, and that a judgment be entered dismissing this action, without issuance of a certificate of appealability.

/s/ L. Patrick Auld

**L. Patrick Auld**
**United States Magistrate Judge**

December 21, 2018